United States Court of Appeals
Fifth Circuit

**F I L E D**

August 9, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

04-60861
Summary Calendar

GEORGE DUNBAR PREWITT, JR,

Plaintiff-Appellant,

versus

THOMAS E. WHITE, Secretary, Department of the Army; KAY COLE
JAMES, Director, US Office of Personnel Management; CARI M.
DOMINGUEZ, Chair, Equal Employment Opportunity Commission,

Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Mississippi
(5:02-CV-683-BrSu)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

George Prewitt, *pro se*, appeals the summary judgment and
motion to dismiss awarded defendants. Prewitt brought this action
for race and disability discrimination after not receiving the
Equal Opportunity Assistant (EOA) position with the United States
Army Corps of Engineers in Vicksburg, Mississippi.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In September 1996, in response to a vacancy announcement, Prewitt applied for the EOA position. The announcement stated, *inter alia*:

> [C]andidates must submit OF 612; or SF-171; or resume; or an other application document; transcript or OPM Form 1170/17 (if basing application on any part of your education); Proof of Status; and any other required forms. Resumes must include the information requested in the instructional pamphlet (OF-510). Applications will be rated based on available information.

(Emphasis omitted.) Contrary to the terms of the announcement, Prewitt's application consisted only of a 17 September 1996 letter, which stated:

> Please consider this letter my application for the position of EEO assistant, GS-6. The attached Department of Veterans Affairs document confirms that I am a disabled veteran with a service-connected disability rated at 30% or more.
> In addition, I have a Juris Doctorate from the University of Mississippi. I have been in government-related employment with the U.S. Postal Service, and resigned in 1990.
> If you believe me to be overqualified for the position, I can assure you that I am not that smart. Besides, an unemployed attorney must still feed his children.
> Thank you for your consideration of this letter-application, and any additional information you require will be immediately provided.

By an 8 October 1996 letter, the Corps advised Prewitt that his application did not contain the requisite materials. The letter listed those that had to be submitted for the application to be considered complete. Instead of providing the materials,

2

Prewitt filed an informal EEO Complaint on 18 October and filed a formal complaint on 27 November, alleging age, race, and sex discrimination. An Equal Opportunity Employment Commission (EEOC) Administrative Judge found: Prewitt had presented no evidence of discrimination; and the Corps provided a legitimate, nondiscriminatory reason for not considering his application (incomplete). Prewitt's EEOC appeal was denied.

Prewitt then filed a complaint with the United States Office of Personnel Management (OPM). After the OPM contacted the Corps and reviewed the documentation related to Prewitt's application, it dismissed the complaint. Prewitt filed another appeal with the Merit System Protection Board. It dismissed for lack of jurisdiction. The dismissal was affirmed by the Federal Circuit. *Prewitt v. Merit Sys. Protection Bd.*, 133 F.3d 885 (Fed. Cir. 1998).

On 25 November 2002, Prewitt filed this action in Mississippi state court against Thomas White (in his official capacity as Secretary of the Army), Kay James (in her official capacity as Director of the OPM) and Cari Dominguez (in her official capacity as Chair of the EEOC), claiming race and disability discrimination. Defendants removed this action to federal court. The district court dismissed, for lack of subject matter jurisdiction, Prewitt's claims against the EEOC and granted summary judgment for the Corps and OPM for the remaining claims.

We review *de novo* a district court's grant of a motion to dismiss and of summary judgment. *E.g.*, **St. Paul Mercury Ins. Co. v. Williamson**, 224 F.3d 425, 440 n.8 (5th Cir. 2000). For essentially the reasons stated by the district court in its most comprehensive 23 July 2004 opinion, the district court did not err in dismissing Prewitt's claims against the EEOC or in awarding summary judgment to the Corps and OPM.

Prewitt also appeals the district court's denial of his motion to alter or amend the court's 23 July opinion. *See* FED. R. CIV. P. 59(e). We review the denial of a Rule 59(e) for abuse of discretion. *See*, *e.g.*, **Templet v. HydroChem Inc.**, 367 F.3d 473, 477 (5th Cir. 2004). In addressing this issue, Prewitt does not discuss how the district court abused its discretion; rather, he lists the contents of the motion and states simply, the district court "erred in denying the Rule 59 motion". Prewitt has therefore inadequately briefed this issue. *See*, *e.g.*, **Cinel v. Connick**, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.").

**AFFIRMED**

4