# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-30310
Summary Calendar

OSCAR DANTZLER

Plaintiff-Appellant

v.

DEBBIE POPE; KATHY MONTICINO, individually and in her capacity as City Councilman; NICKY MUSCARELLO, individually and in his capacity as City Councilman; CURTIS WILSON, individually and in his capacity as City Councilman; TONY LICCIARDI, individually and in his capacity as City Councilman; WILLIE GRANT JACKSON, individually and in his capacity as City Councilman; LANITA JOHNSON, individually and in her capacity as City Councilman's Secretary; HAMMOND CITY, Through the Mayor; MAYSON FOSTER, individually and in his capacity as Mayor; HAMMOND POLICE DEPARTMENT; RODDY DEVALL, individually and in his Official Capacity as Chief of Police of the Hammond Police Department; HAMMOND MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD; JOSH FLETCHER, individually and in his Official Capacity as Civil Service Board's Chairman; GREGORY LAWERENCE, individually and in his Capacity as Civil Service Board Member; DAVID ATKINS, individually and in his Capacity as Civil Service Board Member; JOHN PEARSON, individually and in his Capacity as Civil Service Board Member; JANET DAVIS, Individually and in her capacity as Civil Service Board Member; MARGARET BANKSTON, individually and in her capacity as Board's Secretary; ANDRE COUDRAIN, City Attorney, individually and in his capacity as City Attorney; GUS A FRITCHIE, individually and in his capacity as City Attorney; JOHN FEDUCCIA, individually and in his capacity as Civil Service Board's Attorney

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-2817

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Oscar Dantzler filed a Motion for Contempt of Court against Defendants. Following an answer from Defendants and an amendment of Dantzler's original motion, Defendants filed a Motion for Summary Judgment. The court stayed the proceedings while Plaintiff sought counsel. On January 29, 2007, Plaintiff filed a motion to extend his time to respond to the summary judgment motion, requesting that "Oscar Dantzler be granted an extension of thirty (30) days within which to file a responsive pleading . . . or until the 21st day of February 2007." The court granted this motion but later found that Plaintiff's response was not timely filed, as the court did not receive the motion until February 26, 2007. The court entered judgment for Defendants on March 1, 2007. The court denied Plaintiff's motion for reconsideration. Plaintiff appealed.

We are not persuaded by Plaintiff's argument that he had a full thirty-day extension to file his response and that the court erred in finding that his response was untimely. The court's order, signed on February 2, 2007, contained a handwritten note stating, "The hearing on the Motion for Summary Judgment is continued and reset for Feb. 28, 2007. The plaintiff's opposition is due on Wednesday, Feb. 21." The clear language of the order showed a due date of February 21, and the court did not receive the response until February 26.

We also fail to be persuaded by Plaintiff's argument that the court erred in granting summary judgment. "This Court reviews grants of summary judgment de novo, applying the same standard as the district court."[1] "Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. . . . A genuine issue of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Templet v. Hydrochem, Inc., 367 F.3d 473, 477 (5th Cir. 2004).

material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. Summary judgment is [also] appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'"[2]

Plaintiff has failed to establish an essential element of his case, namely, that he was a party to the case resulting in the court order that he claims Defendants violated. Rather, Plaintiff drew a line through the name of an apparent plaintiff from that case and inserted his own.

AFFIRMED. Plaintiff's motions for costs and sanctions are DENIED.

---

[2] Id. at 477 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citations omitted)).