# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-20881
Summary Calendar

TRACY COMEAUX-BISOR,

Plaintiff-Appellant,

v.

YMCA OF GREATER HOUSTON,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2836

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Tracy Comeaux-Bisor appeals from the district court's grant of summary judgment in favor of the Defendant-Appellee YMCA of Greater Houston ("YMCA"). Before the district court, Comeaux alleged violations under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), and the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). On appeal, Comeaux contends that the district court erred in its grant of summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment because (1) it should have liberally construed her briefs because she was pro se; (2) she presented sufficient evidence that she suffered from a serious health condition, and therefore she should have been granted temporary leave under FMLA; and (3) there existed a genuine issue of material fact on her Title VII claim. For the following reasons, we affirm the ruling of the district court. We also consider the YMCA's motion to strike portions of Comeaux's reply brief. That motion is GRANTED.

I.    Factual and Procedural Background

Comeaux was hired by the Post Oak YMCA in Houston in 2001 and promoted to Membership Coordinator in 2004. Beginning in February 2005, Comeaux, who was pregnant at that time, began missing work frequently. After being contacted by her supervisor regarding her absences, Comeaux requested twelve weeks of leave under the FMLA, starting on March 7, 2005, and ending May 30, 2005, citing pregnancy related complications.

Yolanda Wright, Human Resources Generalist for the YMCA, processed Comeaux's request for FMLA leave. She requested that Comeaux have her doctor complete a Certification of Health Care Provider in order to verify that the leave was medically necessary. In her affidavit, Wright indicated that she contacted Comeaux a number of times to explain to her that her request for leave could not be granted without the medical certification. She also stated that she sent Comeaux a letter on April 29, 2005, memorializing their conversations and informing Comeaux that her request for leave would be denied unless she submitted the certification by May 14, 2005. Comeaux submitted the medical certification on May 13, 2005. In the certification, Dr. M. Turrentine stated that Comeaux was able to work but would require medical leave following child birth and would be unable to work for six weeks immediately following the birth. Dr. Turrentine noted that the only additional treatment required for Comeaux's condition was "routine prenatal care."

Additionally, Wright spoke with Dr. Turrentine by phone who reiterated at the time that Comeaux was capable of working.

Comeaux provides only a slightly different account of the events during this time period. According to her, she believed that she had been approved for medical leave and did not learn until April 29, 2005, that her doctor had not sent in the medical certification form. She also contends that she provided the YMCA with the medical certification in the form of a written statement from her doctor on May 3, 2005, and then additional certification on the form provided by the YMCA on May 13, 2005. She does not contest that the May 13, 2005, medical certification form indicated that she was able to work at that time, and up until the time of childbirth. A June 8, 2008 letter terminated Comeaux and stated that she was ineligible for FMLA leave.

## II.    FMLA Claim

Comeaux contends that she presented sufficient evidence that she suffered from a serious health condition, and, therefore should have been granted temporary leave under FMLA. The YMCA responds that Comeaux failed to establish a prima facie case for discrimination or retaliation under FMLA because she cannot show that she is protected under FMLA.

We review the district court's grant of summary judgment de novo applying the same rules as the district court. See Hansen v. Cont'l Ins. Co., 940 F.2d 971, 975 (5th Cir. 1991). Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

Pursuant to the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA protects employees from interference with their leave, as well as discrimination or retaliation for exercising their rights. 29 U.S.C. §§ 2615(a)(1)-(2). To establish a prima facie case for discrimination or retaliation under the FMLA, a plaintiff must demonstrate that she is protected under the FMLA; she suffered an adverse employment decision; and that she was treated less favorably than an employee who had not requested leave under the FMLA or that the adverse decision was made because of her request for leave. Bocalbos v. Nat'l Western Life Ins. Co., 162 F.3d 379, 384 (5th Cir. 1998). If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the employer to provide a legitimate nondiscriminatory or non-retaliatory reason for the termination. Id. If the employer articulates such a reason, the plaintiff must show by a preponderance of the evidence that the employer's reason is a pretext for discrimination or retaliation. Id.

The district court concluded that Comeaux failed to establish a prima facie case because she could not establish that she was entitled to protection under the FMLA. We agree. Even accepting Comeaux's version of events as true, Comeaux never provided the YMCA with medical evidence indicating that she was medically unable to perform her employment duties as required under FMLA. See 29 U.S.C. § 2613(a) ("An employer may require that a request for leave . . . be supported by a certification issued by a health provider . . . "); see also Satterfield v. Wal-Mart Stores, Inc., 135 F.3d 973, 975 (5th Cir. 1998) ("In determining whether an employee's leave request qualifies for FMLA protection, the employer must assess whether the request is based on a serious health condition, and, for that purpose, may request supporting medical

documentation." (citations and internal quotations omitted)). As noted above, the medical certification completed by Dr. Turrentine indicated that Comeaux was able to work and would require only routine prenatal care until childbirth. Comeaux did not submit to the YMCA or offer into evidence in the district court any medical documentation contradicting Dr. Turrentine's certification. Because Comeaux failed to submit the requisite certification establishing she suffered from a "serious health condition," she cannot prevail on her claim under the FMLA.[1]

II.     Title VII claim

Comeaux also contends that she established a genuine issue of material fact on her Title VII claim.

Title VII prohibits an employer from making an adverse employment decision that is motivated in part by discrimination on the basis of sex, race, color, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1); Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 333 (5th Cir. 2005). Where there is no direct evidence of discrimination, a plaintiff may prove a case of sex discrimination with circumstantial evidence, using the burden shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under the McDonnell Douglas framework, the initial burden of establishing a prima facie case of race discrimination lies with the plaintiff. To do so, she must show that (1) she belongs to a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) she was replaced by an individual outside the protected class. DeCorte v. Jordan, 497 F.3d 433, 437 (5th Cir. 2007). If the plaintiff establishes

---

[1] The district court also aptly notes that Comeaux failed to offer any evidence to rebut the YMCA's non-discriminatory reason for terminating her employment: Comeaux's refusal to return to work even after exhausting the 12-week maximum leave requirement under the FMLA.

a prima facie case, then the burden shifts to the employer to show a legitimate, non-discriminatory reason for its actions. Id. If the employer offers such a reason, then the burden shifts back to the plaintiff to show that the justification is merely pretext for discrimination. Id.

Here, Comeaux's prima facie case fails on the second prong. This court has previously held that attendance is an essential job function without which one cannot be considered qualified to perform most jobs. See Hypes v. First Commerce Corp., 134 F.3d 721, 727 (5th Cir. 1998). It is undisputed that Comeaux did not report to work during the period covering March 7, 2005 through May 30, 2005. It is also undisputed that she refused to return to work after May 30, 2005. Comeaux's failure to report to work rendered her unqualified for her position, and accordingly unable to meet her initial burden of establishing a prima facie case of discrimination under Title VII.

Moreover, even assuming that Comeaux established a prima facie case, she has nevertheless failed to rebut the YMCA's legitimate non-discriminatory reason for her termination. Again, the YMCA contends that Comeaux was terminated because of her failure to report to work even after May 30, 2005. Comeaux offered the following in support of race discrimination: (1) the branch executive, Kevin Fiorillo, commented that her appearance was unsatisfactory and that her face should not be the first face people see when they enter the YMCA;[2] and (2) Fiorillo stated that although there were no issues with her job performance, he "didn't feel like [the YMCA] was the place [Comeaux] should be," "he didn't feel like [Comeaux] wanted her job," and that "[I]f [Comeaux] decided to resign, then I think that would be best for all of us." However, Comeaux produced no evidence showing that Fiorillo was responsible for or in any way influenced the decision to terminate her. See Reeves v. Sanderson

_____

[2] Notably, Comeaux was unsure whether this comment referred to her race or her weight.

6

Plumbing Products, Inc., 530 U.S. 133, 141 (2000) (plaintiff must show that protected trait was a motivating factor for employer's decision). Accordingly, she has not established that the YMCA's stated justification for her termination was pretext for discrimination.

III.  Comeaux's Pro Se Status

Comeaux argues that considering her pro se status, the district court erred by not informing her that her pleadings were defective and allowing her to cure them. It is well established that allegations in a pro se complaint are generally held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, Comeaux's argument rests on the inaccurate premise that her claim was dismissed simply because it was inartfully pled, i.e., she failed to specifically explain and identify which documents she was relying on to support her claims. To the contrary, the YMCA was granted summary judgment because Comeaux failed to establish a prima facie case under FMLA and Title VII. Further, as discussed above, under both FMLA and Title VII, Comeaux has failed to rebut the YMCA's legitimate, non-discriminatory reason for her termination: her unexcused absences. Thus, under the facts of this case, there is no circumstance in which Comeaux could prevail on either of her claims. Accordingly, we find no error with regard to the district court's treatment of Comeaux based on her pro se status.

IV.  Motion to Strike

The YMCA's motion to strike portions of Comeaux's reply brief, specifically Exhibit I containing pages 27 and 39 of her deposition, is granted. Neither Comeaux or the YMCA presented this evidence to the district court, and this court may not consider it for the first time on appeal. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999) ("An appellate court may not consider new evidence furnished for the first time on appeal and may not

consider facts which were not before the district court at the time of the challenged ruling." (citation omitted)).

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of the YMCA. The YMCA's motion to strike is GRANTED.