# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20594

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2016

Lyle W. Cayce
Clerk

NICOLE L. RYDER,

Plaintiff - Appellant

v.

SHELL OIL COMPANY; SHELL EXPLORATION & PRODUCTION COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-726

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Nicole Ryder sued her former employer, Shell Oil Company ("Shell"), claiming that it interfered with her ability to take leave in violation of the Family and Medical Leave Act ("FMLA") and breached the terms of her employment contract. Shell's motion for summary judgment on all claims was granted by the district court. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20594

**I.**

On August 1, 2011, Ryder and Shell entered into a Retention Agreement, under which Ryder agreed to remain employed at Shell until July 31, 2013 in exchange for a cash payment. As part of the agreement, Ryder agreed to meet Shell's expectations for her performance, which included requesting vacation time in advance and notifying her supervisor of tardiness and absenteeism.

In 2012, Ryder was repeatedly absent and tardy without proper notice to her supervisor, Dawn Suggs. In early 2013, Suggs placed Ryder on a performance improvement plan (PIP); despite this warning, Ryder continued to miss work without notice to Suggs, who warned Ryder in writing that further incidents of job-related problems would result in termination.

Meanwhile, in the Spring of 2013, Ryder learned that she was pregnant. She missed four days of work in May due to morning sickness. At the prompting of a Human Resources manager, Ryder contacted Shell's third-party leave administrator, Reed Group, to initiate her request for leave under the FMLA. The Reed Group provided Ryder with the FMLA paperwork, which indicated that leave may be delayed or denied if the paperwork was returned late or was incomplete.

Nonetheless, neither Ryder nor her doctor provided the appropriate documentation to the Reed Group to support her May absences. The FMLA form eventually submitted by Ryder included nothing about absences or morning sickness. In fact, Ryder's doctor indicated, on the medical certification form provided by Ryder, that Ryder was medically capable of performing her job duties and no medical necessity existed for Ryder to take any intermittent leave prior to delivery. Shell denied Ryder's FMLA request.

On July 8, 2013, Ryder was terminated for failing to meet Shell's performance expectations.

No. 15-20594

## II.

We review the district court's grant of summary judgment de novo.[1] If the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law, we must affirm.[2]

Ryder first argues that Shell interfered with her FMLA rights when it denied her request for leave for her four absences in May. To prevail on this claim, Ryder must show that she was entitled to FMLA leave.[3] She has not. Under the FMLA, an employer may require medical certification to support an employee's request for leave; if the employee fails to provide that certification, the employee is not entitled to FMLA leave.[4] Shell requested medical certification, and Ryder returned an incomplete form that did not address the absences at issue. Further, Ryder's doctor indicated that Ryder was able to work on the dates in question despite her pregnancy. Because Ryder failed to show that she was eligible for FMLA leave in May, 2013, Shell is entitled to a summary judgment on the FMLA interference claim.

Ryder also contends that Shell unlawfully breached the Retention Agreement by failing to pay her the retention bonus due under the parties' Agreement. To recover on a breach of contract claim under Texas law, the plaintiff must establish, in part, "performance or tendered performance by the plaintiff."[5]

Ryder has not established that she performed under the contract. The Retention Agreement specifically required that Ryder must "remain an

---

[1] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004); *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 719 (5th Cir. 2002).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[3] *Comeaux-Bisor v. YMCA of Greater Hous.*, No. H-06-2836, 2007 WL 3171838, at *4 (S.D. Tex. Oct. 26, 2007), *aff'd*, 290 F. App'x. 722 (5th Cir. 2008).

[4] 29 U.S.C. § 2613(a)-(b); 29 C.F.R. § 825.305(a)-(e).

[5] *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.-Houston [14th Dist.] 2005, pet. denied)).

employee of [Shell] throughout the Retention Period" and that she would forfeit payment if she "failed to meet performance expectations in [her] assignments and responsibilities." It is undisputed that Ryder was not in Shell's employ for the entirety of the Retention Period. The record also demonstrates that Ryder failed to meet Shell's performance expectations, particularly those set forth in the PIP. She has raised no genuine issue of material fact regarding Shell's stated reason for refusing to pay her under the Retention Agreement.

For the foregoing reasons, the judgment of the district court is AFFIRMED.