**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-61003
Summary Calendar

In the Matter of: SCOTT M FAVRE

Debtor

--------------------------------------------------------------

SCOTT M FAVRE

Appellant

v.

LYNDON PROPERTY INSURANCE COMPANY

Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-1261

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Scott Favre challenges the entry of partial summary judgment in favor of Lyndon Property Insurance Company ("Lyndon"). For the following reasons, we affirm.

**I.**

Favre was the President, sole director, and sole stockholder of Panther Utilities of Mississippi, Inc. ("Panther"). Lyndon issued payment and performance bonds in connection with two construction projects in Mississippi, with Panther as the principal under each of the bonds. In consideration for the bonds, Favre executed a General Agreement of Indemnity, which created an express trust for contract related funds. The contract funds were to be used "to promptly pay all lawful claims of subcontractors, materialmen and laborers for labor performed and material furnished . . . ." Favre then disbursed trust funds in the amount of $810,348.10 to himself and to repay loans owed by Panther to its creditors.

On November 20, 2000, Favre filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. On June 1, 2005, Lyndon filed a motion for partial summary judgment with the bankruptcy court, asserting that Favre was indebted to Lyndon in the amount of $810,348.10 and that this debt was non-dischargeable because Favre had committed a defalcation while in a fiduciary capacity under 11 U.S.C. § 523(a)(4). The bankruptcy court granted the motion for partial summary judgment, based in part on its conclusion that the documentation submitted by Favre in opposition to Lyndon's motion did not meet the standards of Rule 56 of the Federal Rules of Civil Procedure. Favre filed a motion to reconsider, which the bankruptcy court denied. The bankruptcy court then certified the partial summary judgment as final pursuant to Federal Rule of Civil Procedure 54(b) and Federal Rule of Bankruptcy Procedure 7054. Favre appealed the bankruptcy court's judgment

to the district court, which affirmed the bankruptcy court in all respects. The district court's decision is the subject of this appeal.

## II.

Favre asserts that the exhibits and affidavits he submitted in opposition to Lyndon's motion for summary judgment met the evidentiary requirements of Rule 56 and should have been considered by the bankruptcy court. We review a trial court's decision not to consider evidence offered in opposition to a motion for summary judgment for abuse of discretion. *Tex. E. Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir. 1998).

We conclude that the bankruptcy court did not abuse its discretion by excluding the exhibits and affidavits submitted in opposition to Lyndon's motion for summary judgment. The Cardin and Johnson affidavits were not notarized, do not indicate that they were given under oath, and were not made "under penalty of perjury." *See* 28 U.S.C. § 1746; *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment."). The Cardin affidavit also gave no indication that she had any personal knowledge of the matters set forth therein. *See* FED. R. CIV. PROC. 56(e)(1) ("A supporting or opposing affidavit must be made on personal knowledge . . . ."). The Favre Affidavit was sworn, but merely summarized and expressed his agreement or disagreement with the preceding exhibits, and otherwise offered his opinions regarding the obligations of Lyndon. Because Favre's affidavit was comprised of nothing more than conclusonal allegations and legal arguments, the bankruptcy court was well within its discretion in striking it from the record. *See Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."). Exhibits 3, 7, 10, and

14 were properly excluded because they were not authenticated. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence."). Favre admitted the evidentiary deficiencies described above to the bankruptcy court in his motion for reconsideration, which stated that "[t]he Reply Brief of Lyndon adequately, correctly, and succinctly summarized the deficiencies, pursuant to Rule 56(e) . . . in the Statement of Material facts of Favre and the Affidavits submitted in support of his Statement of Material Facts." The exhibits and affidavits submitted in opposition to Lyndon's motion for summary judgment were properly excluded.

In the district court, Favre presented as a separate issue the question of whether Lyndon's summary judgment evidence was sufficient to support the bankruptcy court's judgment. Favre has made no similar attempt to argue to this court that summary judgment was not appropriate in the absence of the deficient evidence described above.[1] Instead, Favre asserts that the bankruptcy court was obligated to reconsider, amend, or set aside its decision under Rules 54(b) and 60(b) of the Federal Rules of Civil Procedure.[2] The denial of a motion

---

[1] To the extent that Favre raises such an issue, he has failed to provide any citations to the record or case law. Accordingly, this issue is waived as inadequately briefed. *See, e.g., Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived."). Further, Lyndon did provide evidence of a fiduciary relationship giving rise to a duty to use trust funds only to pay subcontractors and certain others on the project. It also provided evidence that such funds were, instead, used to pay back loans allegedly made to Panther by Favre and his friends.

[2] Rule 54(b) governs judgments in cases involving multiple claims and states that an "order or other form of decision . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Rule 60(b)(1) states that a district court may grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment. Favre asserts that both Rules 54(b) and 60(b) apply to his motion for reconsideration. Lyndon argues that Rule 60(b) relief is not available for judgments governed by Rule 54(b). We need not resolve this issue because we conclude that the bankruptcy court

for reconsideration is reviewed for abuse of discretion. *Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006). "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478.

We conclude that the bankruptcy court did not abuse its discretion. Favre was represented by counsel at all stages of the litigation and had ample opportunity to respond to Lyndon's motion for partial summary judgment. Favre waited almost eight months after the bankruptcy court issued its opinion granting partial summary judgment to address the evidentiary deficiencies discussed above. Then, even after admitting that the evidence he offered in response to Lyndon's motion for partial summary judgment was defective, Favre failed to correct those deficiencies or offer admissible evidence that would create a question of material fact.[3] Moreover, Favre has made no attempt to explain to this court how that evidence, which is entirely hypothetical for purposes of our review, would change the result in this case.[4]

Finally, although not raised below or briefed in this appeal, Favre's statement of issues includes a challenge to the bankruptcy court's award of a

---

did not abuse its discretion under either rule.

[3] While Favre's motion for reconsideration implicitly requested the opportunity to supplement the summary judgment record, it failed to identify what new evidence would be offered.

[4] Favre also invokes Rule 56(e)(1) as a basis for reversal. Rule 56(e)(1) states that the "court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits," but the operation of the rule is discretionary. *See Barker v. Norman*, 651 F.2d 1107, 1128-29 (5th Cir. Unit A 1981). In addition, Rule 56(e)(1) has no direct application following the entry of a judgment absent a successful motion for reconsideration. Similarly, 11 U.S.C. § 105(a) merely grants the bankruptcy court the power to "prevent an abuse of process."

specific amount of damages without holding an evidentiary hearing. This issue has been waived. *See N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996).[5] Favre also argues that the bankruptcy court was without power to render a monetary judgment because this court had not rendered a decision approving of such authority until our decision in *In re Morrison*, 555 F.3d 473, 479-80 (5th Cir. 2009). The bankruptcy court did not err by *correctly* predicting this court's interpretation of the then existing bankruptcy statutes.

## III.

Accordingly, the judgment of the district court is AFFIRMED.

---

[5] In any event, the amount awarded comes straight from the amounts proven in Lyndon's motion for partial summary judgment as being payments from trust funds for purposes not authorized by the trust fund requirements.