# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-50843
Summary Calendar

MICHELLE DAVIS

Plaintiff-Appellant

v.

CROTHALL HEALTH CARE INC

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CV-125

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michelle Davis, proceeding *pro se*, appeals the summary judgment awarded Crothall Health Care, Inc. against her claims: (1) for racial discrimination under Title VII of the Civil Rights Act of 1964; (2) under the Fair Labor Standards Act (FLSA); and (3) that Crothall violated immigration laws. (Davis was represented in district court. Here, after her counsel was permitted to withdraw, her motion for appointment of counsel was DENIED.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis provided housekeeping services on the campus of Baylor University. She was assigned to Stacy Riddle Forum, a residential building in which Baylor's sororities were housed in nine "chapter suites".

Crothall, Davis' employer, has a policy in its handbook which states "[f]ood may be consumed only in the cafeteria and approved break areas". The Stacy Riddle Forum has neither a cafeteria nor a dedicated break room. This action arises out of Crothall's transfering Davis to another building after it received a complaint, on 8 September 2005, from a sorority advisor that Davis was taking her break, and eating lunch, in one of the rooms she was assigned to clean, against company policy.

Davis did not deny using the sorority common room for her lunch break. On the other hand, she became very upset upon learning she had been assigned to the new building.

Shortly thereafter, Davis missed several weeks of work for health reasons. On 27 September 2005, Crothall's operations manager for Baylor's campus, Vicki Pierce, had a telephone conversation with Davis, in which Davis alleged for the first time discrimination in her transfer to the new building. Davis claimed a fellow housekeeper in the Stacy Riddle Building had informed her she had been transferred because an unidentified sorority member complained she was "not comfortable around black people". Pierce assured Davis the only reason for her transfer was the 8 September complaint from the sorority advisor regarding her unauthorized use of that sorority's suite.

Despite repeated requests from Crothall about Davis' intentions to return to work, Davis refused to state whether she desired to remain employed with Crothall. On 14 October 2005, Crothall's director of housekeeping sent Davis a letter requesting she contact Crothall within three days about her next scheduled shift. When Davis failed to do so, Crothall terminated her employment.

2

Davis filed a Charge of Discrimination with the Texas Workforce Commission on 13 October 2005. Upon receiving a right-to-sue letter, she filed an action in Texas state court claiming: (1) race discrimination under Title VII in her transfer from the Stacy Riddle Forum to the new housekeeping location; (2) violations of the FLSA; and (3) immigration law violations. Crothall removed the action to federal district court, which granted summary judgment against all claims. Davis' motion to reconsider was denied.

A summary judgment is reviewed *de novo. E.g. Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 991 (5th Cir. 2008). Additionally, because the district court did not specifically reference any new materials presented in Davis' motion to reconsider in denying the motion, our review of the denial is for abuse of discretion. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).

Because Davis has failed to adequately brief her claims, they could be considered abandoned. In any event, the district court wrote a thorough and well-reasoned opinion granting summary judgment against all claims. Essentially for the reasons stated in that opinion, we AFFIRM the summary judgment. In addition, we AFFIRM the denial of the motion to reconsider.