# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-10130
Summary Calendar

DANIEL G MOORE,

Plaintiff – Appellant

v.

DUNCANVILLE INDEPENDENT SCHOOL DISTRICT,

Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-2085

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel G. Moore appeals the district court's grant of summary judgment in favor of Duncanville Independent School District on his national origin discrimination action. For the following reasons, the judgment is affirmed.

## FACTS AND PROCEEDINGS

Moore was employed by the Independent School District as an Assistant Security Operations Officer for schools in the City of Duncanville, Texas. In May

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2006, the District terminated his employment. Moore filed suit, alleging that his termination was based on his Hispanic origin in violation of Title VII. Following discovery, the District filed a motion for summary judgment, to which Moore failed to reply. The district court granted the motion and dismissed the case with prejudice. The court concluded that Moore had not adduced sufficient evidence to demonstrate termination on account of his national origin. It also noted the District's evidence that Moore was terminated for repeated tardiness, repeated absences, unprofessional remarks, insubordination, and improperly seeking to adjust his time sheets.

Following the entry of final judgment, Moore moved for a new trial, which was construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). His attorney first asserted that he had never received notice of the District's summary judgment motion and had failed to respond for that reason. Moore further contended that numerous issues of material fact existed which precluded dismissal of his case. The district court denied relief. It found no evidence of direct discrimination and further found that the circumstantial evidence Moore cited did not make out a prima facie case of intentional discrimination. It alternatively found that the District provided legitimate, nondiscriminatory reasons for terminating Moore, and that Moore failed to demonstrate that those reasons were pretextual. Moore timely appealed.

## STANDARD OF REVIEW

The applicable standard of review of the denial of a Rule 59(e) motion to alter or amend depends upon whether the district court considered material attached to the motion which had not been previously provided to the court. *Templet v. HyrdoChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). Because the court considered Moore's proffered evidence, and nonetheless granted summary judgment, the appropriate standard of review is *de novo*. *Id*. Summary

2

judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

## DISCUSSION

Moore challenges two aspects of the district court's ruling. First, he challenges its refusal to allow him additional time to respond to the summary judgment motion because of his alleged non-receipt of that motion. Second, he argues that genuine issues of material fact precluded summary judgment in the District's favor.

### A.  *Electronic Receipt of the District's Motion*

Moore's attorney, Frank P. Hernandez, contends that he never received the District's motion for summary judgment. Without citing any evidence, Hernandez blames "the electronic filing system in the Federal clerk's office" for his alleged non-receipt. However, during an evidentiary hearing in the district court and contrary to his current contention on appeal, Hernandez conceded that he had electronically received the motion, stating that it had been filed in a "spam" folder. In light of Hernandez's contradictory assertions and the lack of supporting evidence, the argument that Moore was entitled to a deadline extension or other relief fails.

### B.  *Summary Judgment*

Moore argues that numerous material fact issues exist concerning whether the District's proffered reasons for termination were pretextual. His argument ignores the district court's conclusion that he failed to establish a prima facie case of discrimination.

In order to show a prima facie case of discriminatory termination, a plaintiff must first establish that he (1) is a member of a protected class; (2) was subjected to an adverse employment action; (3) was qualified for his position; and (4) was replaced by someone outside of the protected class. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). As Moore admits, his

replacement was, like him, of Hispanic national origin and was therefore not "outside of the protected class." Moore has presented no evidence which would challenge the district court's finding.[1]

Moore also argues that there is longstanding unequal treatment by the District of other individuals in violation of Title VII. Specifically, he contends that the District did not raise the proportion of Hispanic employees on its security staff as the Hispanic population of the surrounding area increased. As the District points out, Moore provides no evidence of the actual demographic composition of the City of Duncanville. Moreover, this argument has little, if any, bearing on whether Moore himself suffered unlawful discrimination.

Finally, Moore's brief refers to a written grievance he filed about another security officer as the basis for his "theory of retaliation." His complaint, however, did not assert a retaliation claim. These allegations are therefore immaterial to his claim of discrimination on the basis of national origin.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[1] Because Moore failed to establish a prima facie case of discrimination, we need not reach his argument that the District's proffered reasons for termination were pretextual.