# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2010

Lyle W. Cayce
Clerk

No. 10-30003
Summary Calendar

HANNAH RAE JEGART; DENEEN T. SPINELLA, Mother of Hannah Rae Jegart,

Plaintiffs – Appellants

v.

ROMAN CATHOLIC CHURCH OF THE DIOCESE OF HOUMA-THIBODAUX; SAM G. JACOBS, Reverend, Bishop of the Houma-Thibodaux Diocese of the Catholic Church; SISTER IMMACULOTTA PAISANT, Superintendent of Catholic Schools for Houma-Thibodaux Diocese of the Catholic Church; DAVID BOUDREAUX, President of Edward Douglas White High School; MYRA LUFT, Principal of Edward Douglas White High School; MICHELLE CHIASSON, Assistant Principal for Admission, Edward Douglas White High School; GWEN BUET, Dean of Students, Edward Douglas White High School,

Defendants – Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4841

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30003

Plaintiffs-Appellants Hannah Rae Jegart and her mother, Deneen T. Spinella (together, "Jegart") appeal the district court's grant of summary judgment against them in their racial discrimination suit against the Catholic Diocese of Houma-Thibodaux, its administrators, and various administrators and staff of Edward Douglas White High School (together, "Appellees"). We affirm.

## FACTS AND PROCEEDINGS

In January 2008, Hannah Rae Jegart, a black senior at Edward Douglas White High School, which is administered by the Diocese of Houma-Thibodaux, was enrolled in an Apologetics class that required weekly reports on various issues in theology and Catholic doctrine. During this period, Jegart created a series of sites on the social networking web site Facebook. These sites requested that former students in the Apologetics course exchange answers and sources for the class with present students. The sites included mocking references to Bishop Sam Jacobs, who created the course and whose picture appeared on Jegart's site, and a number of profane and mocking comments about the class, the school, and various administrators and teachers. These sites violated several provisions of the school handbook. After discovering the sites, administrators at the school decided to issue varying suspensions to students who were involved. Students who merely joined without commenting received a one-day suspension, while those who commented received an intermediate suspension. Jegart, who created and administered the sites, received a nine-day suspension. She subsequently withdrew from the school and filed suit pursuant to 42 U.S.C. § 1981, claiming racial discrimination because she received a punishment that she alleged was excessive as compared to other, non-minority students.

The district court's scheduling order required motions for summary judgment to be filed so as to be heard before October 1, 2009. Appellees filed a motion for summary judgment seeking dismissal of Jegart's claims on September

2

No. 10-30003

14, 2009, and set the matter for hearing on September 30, 2009 at 9:30 a.m. Pursuant to local rules, Jegart's opposition was to be filed no later than the eighth calendar day before the noticed hearing. No opposition was filed. Rather, five days before the hearing date, plaintiffs filed an opposed motion to continue the hearing until October 28, 2009. The district court granted the motion and reset the hearing for the requested date, making Jegart's opposition due on October 20. On that date, the parties met with the district judge to confect a pretrial order. At the conference, the district court granted Jegart's unopposed motion for a one day extension to file her opposition and also continued the pretrial conference until October 28. Jegart then again failed to file her opposition the next day. The district court granted the motion for summary judgment as unopposed on October 22, 2009. The order gave Jegart thirty days to file a motion to reconsider, along with her opposition to the motion for summary judgment, but warned that the court might assess the costs of defending the motion against her. Jegart filed the motion to reconsider along with her opposition. The court denied the motion to reconsider but declined to assess costs against Jegart, who timely filed a notice of appeal.

## STANDARD OF REVIEW

We review "a district court's grant of summary judgment de novo, applying the same legal standards as the district court." *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 258 (5th Cir. 2009) (quotation omitted). "[T]he evidence and inferences from the summary judgment record are viewed in the light most favorable to the nonmovant." *Id.* (quotation omitted).

## DISCUSSION

When a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if they show that the movant is entitled to judgment in his favor. *See Eversley v. MBank Dallas*, 843

No. 10-30003

F.2d 172, 174 (5th Cir. 1988). The unopposed motion for summary judgment in this case listed several facts in support of the motion, including: Jegart created and administered the sites; she knew they were in violation of the school's policies; the lengths of the punishments given to specific students were determined by their level of involvement; and Jegart received the most serious punishment because she created and administered the sites and therefore was most responsible for them. These undisputed facts establish that the school had a valid, non-discriminatory reason for its actions, and Jegart offered no facts to suggest that this reason was a pretext for discrimination. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1294 (5th Cir. 1994).

Jegart also argues that the district court applied an incorrect standard in reviewing her motion for reconsideration, and should have considered the summary judgment motion on the merits in light of Jegart's opposition, which was filed along with the motion to reconsider. The district court applied to this motion the standard we articulated in *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477-78 (5th Cir. 2004). This was the correct standard.

## CONCLUSION

Considering the foregoing, the judgment of the district court is AFFIRMED.