# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2015

Lyle W. Cayce
Clerk

MEYERS WAREHOUSE, INCORPORATED,

Plaintiff - Appellant

v.

CANAL INDEMNITY COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2948

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

This case arises out of an insurance dispute between Plaintiff-Appellant Meyers Warehouse, Inc. ("Meyers") and Defendant-Appellee Canal Indemnity Company ("Canal"). Meyers is the owner and operator of several trucks, trailers, and trucking operations. Meyers purchased "Business Auto Coverage" insurance from Canal. In November 2011, Meyers was notified that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it had delivered contaminated liquid sugar to Hiram Walker ("Walker"), which caused significant damage to Walker's production line. Walker did not file a lawsuit, but, instead, the parties negotiated a settlement. As a result of the settlement negotiations, Dedicated Wash, the company responsible for cleaning Meyers's tankers, indemnified Meyers and paid for the damages incurred by Walker.

At some point, Canal received notice of Walker's potential claim against Meyers. According to Meyers, Canal issued a reservation of rights letter and refused to participate in Meyers's defense, leaving Meyers to defend itself in the settlement negotiations. According to Canal, it initiated an investigation of the claim and discovered that a third party, Dedicated Wash, had accepted liability and settled the claim. The parties dispute whether or not Canal had a duty to defend Meyers during the settlement negotiations even though no lawsuit was ever filed.

On January 3, 2014, Canal filed a Motion for Summary Judgment on this issue. The district court granted summary judgment in favor of Canal. The court analyzed the insurance policy's language and, finding no ambiguity, determined that Canal's duty to defend only arose when "suit" was filed. Because no civil proceeding, arbitration, or other alternative dispute resolution proceeding was initiated by Walker, the court concluded that Canal did not have a duty to defend. Accordingly, the court entered judgment in favor of Canal on August 6, 2014.

Meyers did not immediately appeal the district court's order and reasons or judgment, but, instead, filed a "Motion to Reconsider" twenty-eight days after the court entered its judgment. Meyers cited no rule under which the motion was brought and no authority for asking the district court to reconsider its ruling. In its motion, Meyers argued that (1) the insurance policy is ambiguous and should have been interpreted in favor of Meyers and (2) the

No. 14-31266

"common-fund doctrine" should have guided the court's interpretation of the policy. The district court construed the motion as a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e), and denied the motion on October 10, 2014. Meyers filed a timely notice of appeal, appealing "from the final judgment entered in this action on the 10th day of October, 2014."

## STANDARD OF REVIEW

The parties disagree over the proper standard of review. Significantly, Meyers provides no standard of review in its opening brief,[1] but, instead, asserts that "the Trial Court should not have granted the Motion for Summary Judgment" and that "Canal's Motion for Summary Judgment should be DENIED." In its reply brief, Meyers suggests that this court should review the district court's grant of summary judgment *de novo*. Canal claims, however, that Meyers did not appeal the district court's grant of summary judgment and, thus, "the issues that the District Court considered in the Motion for Summary Judgment are not the issues properly before this Honorable Court." According to Canal, Meyers only appealed the district court's October 10 order, denying Meyers's Rule 59(e) motion, which, Canal claims, this court should review for abuse of discretion.

---

[1] Canal urges this court to dismiss Meyers's appeal due to its failure to provide a statement of the applicable standard of review, as provided in Federal Rule of Appellate Procedure 28(a)(8)(B). Canal also urges the court to dismiss Meyers's appeal for other deficiencies. Canal points out that on January 26, 2015, this court sent Meyers a letter informing it that its brief was deficient and needed to be corrected within fourteen days. Specifically, Meyers failed to include a statement of the case in its brief and failed to file record excerpts. Meyers did not correct these deficiencies within fourteen days as required but instead submitted a corrected brief on February 24, 2015, the day before Canal's brief was due. Canal explains that it did not receive notice of the corrective action until February 25, 2015, the same day that Canal submitted its responsive brief in this matter. Canal correctly identifies that Fifth Circuit Rule 42.3.1.1 provides that an appeal may be dismissed for want of prosecution if the brief is deficient and not corrected within the appropriate time. Because we conclude that Canal succeeds on the merits, however, we decline to dismiss the appeal due to briefing deficiencies.

3

No. 14-31266

We are not convinced that Meyers only appealed the district court's denial of the Rule 59(e) motion and that the motion for summary judgment is not properly before us.  Federal Rule of Appellate Procedure 3(c)(1)(B) provides that a notice of appeal must "designate the judgment, order, or part thereof being appealed."  However, we have previously indicated that we will forgive "technical" errors made in a notice of appeal.  *See Lockett v. Anderson*, 230 F.3d 695, 700 (5th Cir. 2000).  When, for instance, "a motion for reconsideration has been *denied*, and the appellant appeals only from the denial of this Rule 59 motion . . . we can infer that the party meant to appeal the adverse underlying judgment."  *Id.*; *see also United States v. O'Keefe*, 128 F.3d 885, 890 (5th Cir. 1997) (explaining that a mistake on a notice of appeal does not bar this court from exercising jurisdiction where the intent of the appealing party is discernable and there is no prejudice to the other party).  We find it unnecessary to decide the appropriate standard of review, an issue that neither party adequately addresses, because even under the most stringent standard of review the district court should be AFFIRMED.  Accordingly, we will proceed under the assumption that the district court's grant of summary judgment is properly before us and we will review that grant *de novo*.  *See Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) ("This Court review grants of summary judgment *de novo*, applying the same standard as the district court.").

## DISCUSSION

Meyers first argues that the district court incorrectly interpreted the language of the insurance policy.  Meyers provides no caselaw to support this contention.  *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant to include "contentions and the reasons for them, with *citations to the authorities* and parts of the record on which the appellant relies" (emphasis added)); *see Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Parish*, 327 F. App'x 472, 483 (5th

No. 14-31266

Cir. 2009) (unpublished) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it."). Instead, Meyers quotes portions of the insurance policy, concludes that an ambiguity exists, and argues, with no legal support, that "[a]ny ambiguity goes against the author of the Policy." Even if we consider this minimally briefed argument, we disagree with Meyers's reading of the insurance contract. As the district court correctly noted, the insurance policy is not ambiguous on this point. The coverage portion of the policy provides that Canal has a "duty to defend any 'insured' against a 'suit' asking for" certain covered damages. The policy defines "suit" as a "civil proceeding," which includes "[a]n arbitration proceeding . . . to which the 'insured' must submit or does submit with [Canal's] consent" or "[a]ny other alternative dispute resolution proceeding . . . to which the insured submits with [Canal's] consent." An informal settlement negotiation that precedes the commencement of any civil proceeding is not covered by the terms of the contract.

Meyers contends that the insurance policy "consistently lumps the terms claim, suit or loss together" and that this creates an ambiguity that should have been construed against Canal. While Meyers is correct in noting that elsewhere in the insurance policy the words "claim" and "loss" are used, we disagree with Meyers's contention that these references create an ambiguity. For instance, the coverage portion of the policy states that Canal "may investigate and settle any claim or 'suit' as [it] consider[s] appropriate." The policy also provides that the insured has certain "duties in the event of accident, claim, suit or loss." The insured's duties include sending Canal "copies of any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit'" and cooperating with Canal "in the investigation or settlement of the claim or defense against the 'suit.'" These provisions do not purport to impose a duty on Canal to defend Meyers in the event a "claim"

5

No. 14-31266

is made.  Accordingly, we reject Meyers's inadequately briefed contention that the district court misinterpreted the insurance policy language.

Meyers next claims that because "the Policy is silent on when the Duty to Defend begins," the district court should have used the "common-fund doctrine" to fill in the "gaps."  This argument fails, however, because we have already determined that the policy is *not* silent on when the duty to defend begins.  Accordingly, there were no "gaps" for the district court to fill.  Furthermore, Meyers did not mention this argument to the district court until after the court ruled on the motion for summary judgment and entered the final judgment.  *See Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) ("A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must presented newly discovered evidence and cannot raise issues that could, and should, have been made before the judgment issued." (citations and internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment in this case.

6