# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2022

Lyle W. Cayce
Clerk

No. 21-30237

Erin Carter,

*Plaintiff—Appellant*,

*versus*

St. Tammany Parish School Board; Amy T. Burns,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-9651

Before Jones, Haynes, and Costa, *Circuit Judges*.
Per Curiam:*

Erin Carter, a middle-school teacher, developed migraines and stopped showing up for work. She unsuccessfully sought extended sick leave, which is paid leave under Louisiana law. *See* La. R.S. § 17:1202. The school instead offered her unpaid medical leave. Although Carter never completed the paperwork for unpaid leave, she did not show up to teach for the rest of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30237

the school year.  After the school year ended, the school board terminated Carter for her unauthorized lengthy absence.  Carter then sued under the Family and Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA).  The district court granted summary judgement for the employer on all claims.  We affirm.

We first address Carter's claim the school interfered with her FMLA rights (she does not pursue FMLA retaliation on appeal).  Carter must show that the school board "interfered with, restrained, or denied her exercise or attempt to exercise FMLA rights, and that the violation prejudiced her." *Cuellar v. Keppel Amfels, L.L.C.*, 731 F.3d 342, 347 (5th Cir. 2013).  The district court held that Carter had no FMLA rights because her migraines were not a "serious health condition."  *See* 29 U.S.C. § 2612(a)(1)(D); We do not rely on this rationale as there is likely a fact dispute on whether her migraines required "continuing treatment by a health care provider."  *See* 29 C.F.R. § 825.115.

But assuming Carter was entitled to leave, the school offered it.  It told Carter she was eligible for unpaid leave and twice provided her with the application.  Yet Carter never requested the leave, which would have converted her to unpaid status.  Employers may require employees "to comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances."  *Id.* § 825.302(d).  "Discipline resulting from the employee's failure to do so does not constitute interference with the exercise of FMLA rights."  *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 789 (5th Cir. 2017).

Nonetheless, Carter argues that the school board violated the FMLA because it never told her that statute was the source of the offered leave.  Labor Department regulations do require employers to provide employees that may qualify for FMLA leave with written notice of their rights and

2

obligations under the Act.  *See* 29 C.F.R. § 825.300.  But a violation of that regulation must have "prejudiced" Carter to support an interference claim. *See Cuellar*, 731 F.3d at 347; *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 770 (5th Cir. 2015) (finding no evidence of prejudice because the plaintiff "took all of the family-care leave to which she was entitled"). Purely "technical violation[s]" of Labor Department regulations are not actionable.  *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 84, 89–91 (2002).

Nothing in the record indicates Carter was prejudiced by the school's failure to explain that the leave offered was an FMLA benefit.  Carter has not submitted evidence, even a declaration, explaining why she would have been more inclined to complete the form and convert to unpaid status had she known the requirement came from the FMLA, rather than her employer's goodwill.  If anything, she might have been *more* reluctant to take the leave knowing it would count against her FMLA leave, as that would reduce her reservoir of federally guaranteed leave for future contingencies.  Summary judgment is thus appropriate on the FMLA claim.

The ADA claim also fails.  We again assume Carter has a qualifying condition (for this law, a disability).  But we affirm on the alternative ground that Carter has failed to establish that she was "qualified" for the job.  *See Hypes v. First Commerce Corp.*, 134 F.3d 721, 726 (5th Cir. 1998).  "[R]egular work-site attendance is an essential function of most jobs."  *Credeur v. Louisiana*, 860 F.3d 785, 793 (5th Cir. 2017).  That is certainly true of teaching.  And Carter's migraines prevented her from teaching for weeks at a time.  *See Bethscheider v. Webstar Energy*, 820 F. App'x 749, 750, 753 (10th Cir. 2020) (finding that migraines, which interfered with work attendance, made the plaintiff unqualified).  As well, Carter has not identified reasonable accommodations that would have allowed her to remain in the classroom. Carter failed to raise a fact issue that she was deprived of occasional days off

for medical reasons or that she asked for an accommodation of specific days off and was denied that accommodation. Instead, what actually happened, is that she was denied the "accommodation" of indefinite leave, which is what Carter essentially took without telling the school. That type of leave is not a reasonable accommodation. *See Rogers v. Int'l Marine Terminals*, 87 F.3d 755, 759 (5th Cir. 1996).[1]

Carter has not established that she could perform her teaching duties "with or without reasonable accommodation." *See* 42 U.S.C. § 12111(8). Summary judgment thus is appropriate on her ADA claim.

Lastly, Carter challenges the district court's denial of her motion to reconsider the summary judgement ruling based on new evidence. We do not see an abuse of discretion in the denial of the Rule 59(e) motion. "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Carter attributes her failure to present evidence before summary judgement to a filing mistake. But that mistake only explains 84 of the thousands of pages of evidence that Carter later sought to add via her Rule 59 motion. Moreover, Carter has not established that any of her new evidence would affect the outcome of her case. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990). The medical records confirm that Carter has obtained frequent treatment for debilitating migraines, which would help her establish both a "serious health condition"

---

[1] Carter also asserts that the School Board could have "provid[ed] a Para-Professional to assist her in her classroom duties." But Carter never sought a teacher's aide as a disability accommodation. *See Taylor v. Principal Fin. Grp., LLC*, 93 F.3d 155, 165 (5th Cir. 1996) (explaining that an employee who needs an accommodation has the responsibility of informing her employer, unless the need is "open, obvious, and apparent to the employer").

No. 21-30237

and a "disability."  But, as explained above, Carter's FMLA and ADA claims fail for other reasons.

\*\*\*

The judgment is AFFIRMED.