# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2022

No. 21-30626
Summary Calendar

Lyle W. Cayce
Clerk

Sam Celino, Sr.; Sam Celino, Jr.; Christian Celino; Colin Celino,

*Plaintiffs—Appellants*,

*versus*

Biotronik, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2298

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

After the district court granted Defendant-Appellant Biotronik's unopposed motion for summary judgment, Plaintiffs-Appellants (Plaintiffs)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30626

filed a motion for reconsideration, which the district court denied. Plaintiffs appeal the denial of that motion. We AFFIRM.

I.

In June 2020, Plaintiffs, the survivors of Barbara Celino, sued Biotronik in Louisiana state court. Plaintiffs alleged that Celino had received a cardioverter defibrillator that was defectively manufactured and designed by Biotronik, and they asserted claims for products liability, unfair trade practices, breach of contract, and wrongful death.

Biotronik removed the case to federal court and filed a motion to dismiss. The district court granted the motion in part, dismissing with prejudice all of Plaintiffs' claims except for their design defect claim. The court explained that while Plaintiffs had not stated a sufficient design defect claim, it would allow them "one more opportunity to amend this claim."

After Plaintiffs filed an amended complaint, Biotronik filed another motion to dismiss. The district court then held a telephone conference with the parties in which it explained that while it was denying Biotronik's motion to dismiss, "it would entertain a motion for summary judgment." The court ordered that Biotronik could file a summary judgment motion no later than July 6, 2021 and that Plaintiffs "shall file their opposition, if any, no later than Tuesday, July 13, 2021." Plaintiffs did not object.

Biotronik timely filed its motion for summary judgment. Plaintiffs neither filed an opposition nor requested an extension of time. Accordingly, the district court treated "the motion as unopposed," and it dismissed Plaintiffs' design defect claim with prejudice. The court entered judgment against Plaintiffs on July 15, 2021.

Twenty-eight days later, Plaintiffs filed a motion for reconsideration, asking the district court to vacate its summary judgment order. Plaintiffs

stated in the motion that "plaintiffs [sic] counsel did not have sufficient time to comply with the deadline" to file a response to Biotronik's summary judgment motion and that "plaintiffs [sic] counsel was ill." The district court denied the motion, concluding that "the extraordinary form of relief requested by plaintiffs is not warranted by fact or law in this case." The court noted in its order that Plaintiffs had not objected to the court's summary judgment deadlines and did not inform the court that their counsel was ill until they filed their motion for reconsideration.

Plaintiffs then filed this appeal, which challenges the district court's order denying their motion for reconsideration.

## II.

"This court reviews the denial of a motion for reconsideration for an abuse of discretion." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). "Under this standard, the district court's decision need only be reasonable." *Id.* Because Plaintiffs filed their motion for reconsideration within 28 days of final judgment, we will construe it as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment. *See id.* ("This court construes a motion for reconsideration filed within 28 days of final judgment as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment."). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Plaintiffs' Rule 59(e) motion simply recited the legal standard applicable to motions to reconsider and stated that Plaintiffs had not been

given enough time to file an opposition to Biotronik's summary judgment motion, especially since their counsel had been ill. Plaintiffs reiterate these arguments on appeal, stating that "[c]ounsel being ill and sustaining an injury during the week of the deadline is grounds for cause to permit the Motion for Reconsideration." However, Plaintiffs never objected to the district court's summary judgment deadlines, and they did not inform the district court that their counsel was ill until they filed their motion for reconsideration. A district court does not manifestly err by granting an unopposed motion for summary judgment in such circumstances. *See Templet*, 367 F.3d at 475, 479 (affirming the denial of a motion for reconsideration of a grant of summary judgment where the plaintiffs not only failed to respond to the summary judgment motion but also "did not request a continuance of the motion or a rescheduling of the deadlines").

Plaintiffs' motion for reconsideration neither established that the district court committed any manifest errors nor presented any newly discovered evidence. Accordingly, the district court did not abuse its discretion by denying the motion.

## III.

Plaintiffs briefly suggest that the district court judge was impermissibly biased against them, stating that "the Court did not act neutral nor impartial" because it invited Biotronik to file a motion for summary judgment. Plaintiffs cite 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Plaintiffs never filed a motion to recuse in the district court, and they did not suggest anywhere in their motion for reconsideration that the district judge had exhibited any appearance of bias. "This court will not consider

No. 21-30626

arguments first raised on appeal." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 n.1 (5th Cir. 2021) (citation omitted). Accordingly, Plaintiffs have forfeited this argument. *See id.*[1]

## IV.

For the foregoing reasons, the district court's order denying Plaintiffs' motion for reconsideration is AFFIRMED.

---

[1] We nonetheless note that, having examined the record, we do not perceive that the district judge displayed any impermissible bias against Plaintiffs. "Courts have interpreted [§ 455(a)] to require recusal if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004). A reasonable person would not harbor such doubts just because a district judge informs the parties that the court will entertain a motion for summary judgment, as long as the judge objectively considers both the motion and any response. *See Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998) ("The district court possesses the inherent power to control its docket. This power includes the authority to decide the order in which to hear and decide pending issues." (footnote omitted)).