# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10726

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2023

Lyle W. Cayce
Clerk

Tim Schoenbauer,

*Plaintiff—Appellant*,

*versus*

Deutsche Bank National Trust Company,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-1901

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Tim Schoenbauer appeals the district court's denial of his motion for reconsideration of an order denying entry of default judgment. For the reasons stated below, we AFFIRM.

## I. Background

This case arises from the attempted foreclosure of Schoenbauer's property located at 9364 Forest Hills Boulevard, Dallas, Texas. On June 29,

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10726

2020, Schoenbauer, proceeding *pro se*, sued Defendant-Appellee Deutsche Bank National Trust Company ("Deutsche Bank"), in Texas state court. Schoenbauer alleged various claims, including breach of contract, fraud, promissory estoppel, and violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617. Deutsche Bank removed this action to federal court on July 17, 2020, on the basis of diversity jurisdiction, asserting federal question jurisdiction in the alternative.

Beginning on September 1, 2020, Schoenbauer filed four separate motions for entry of default judgment against Deutsche Bank. Each of those motions was denied because Schoenbauer failed to comply with the requirements of Rule 55 of the Federal Rules of Civil Procedure. For example, Schoenbauer had not first requested entry of default and had not demonstrated that Deutsche Bank failed to plead or otherwise defend the lawsuit. Schoenbauer repeatedly claimed that he had properly served Deutsche Bank by personally dropping off copies of his complaint at Deutsche Bank's attorneys' office. The magistrate judge, however, rejected this contention because Schoenbauer's personal attempt at service did not comply with Rule 4(c) of the Federal Rules of Civil Procedure. The magistrate judge also considered the effect of Rule 81(c) of the Federal Rules of Civil Procedure, holding that Deutsche Bank was not required to file an answer because it had never been properly served.

On two separate occasions, the magistrate judge ordered Schoenbauer to show cause why his case should not be dismissed, either by filing a valid return of service or by stating, in writing, why proper service could not be made. Schoenbauer did not comply with this order and instead moved for entry of default judgment, contending that Deutsche Bank's removal of the lawsuit constituted a waiver of service. The magistrate judge rejected this argument, explaining that a notice of removal is not a general appearance

under Texas law and that Schoenbauer had not demonstrated that Deutsche Bank waived service.

Schoenbauer then proceeded to file three motions for rehearing, and the magistrate judge recommended that these motions be denied. On December 27, 2021, the district court adopted those findings, conclusions, and recommendations, and dismissed all of Schoenbauer's claims. In response, Schoenbauer filed a "motion for judgment," which the magistrate judge construed as a motion for reconsideration under Rule 59(e). The magistrate judge recommended that the motion be denied because Schoenbauer had not met the requirements of Rule 59(e). The district court adopted those recommendations on August 3, 2022, and this appeal followed.

## II. Law and Analysis

Rule 59(e) allows a party to "alter or amend a judgment." FED. R. CIV. P. 59(E). "Rule 59(e) motions 'are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence.'" *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). District courts have "considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Moreover, "reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

We review the denial of Schoenbauer's Rule 59(e) motion for abuse of discretion. *See Advocare Int'l LP v. Horizon Lab'ys, Inc.*, 524 F.3d 679, 690–91 (5th Cir. 2008); *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). Relief under Rule 59(e) may issue only if the movant

demonstrates "a manifest error of law or fact or ... newly discovered evidence." *Id.*

There are a dizzying number of pleadings in this case, due in part to Schoenbauer's *pro se* status. The district court carefully considered and responded each of these pleadings, providing ample opportunities for Schoenbauer to request different forms of relief and to prove that he had properly served Deutsche Bank in this lawsuit. Instead, Schoenbauer filed the same improper motions multiple times, while reasserting the same unavailing arguments. In his "motion for judgment," which the district court properly construed as a motion for reconsideration, Schonebauer failed to identify a manifest error of law or newly discovered evidence. Instead, he re-urged the same unavailing arguments. Rule 59(e) motions "do[ ] not allow a party to revive and initiate further proceedings in a dismissed lawsuit," which is what Schoenbauer appears to be doing here. *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020).

### III. Conclusion

For the reasons stated above, the judgment of the district court is AFFIRMED and this appeal is DISMISSED.