# United States Court of Appeals for the Fifth Circuit

_____

No. 22-30753
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2023

Lyle W. Cayce
Clerk

Nadia Winston,

*Plaintiff—Appellant*,

*versus*

United States Postal Service, *Louis DeJoy, Postmaster General*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-1402

_____

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Pro se appellant Nadia Winston filed suit against her former employer, Louis DeJoy, Postmaster General of the United States Postal Service ("USPS"). USPS moved for summary judgment. The district court granted summary judgment in favor of USPS, finding that Winston failed to prove a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30753

prima facie case of retaliatory firing. Because the district court properly granted summary judgment in favor of USPS, we affirm.

Winston began working for USPS in September 2018 as a city carrier assistant. As part of her employment, Winston was required to complete a mandatory probationary period of 90 workdays or 120 calendar days. Prior to the termination of her employment, USPS notified Winston of the deficiencies in her job performance through evaluations, two investigative interviews, and two letters of warning. In December 2018, Winston emailed a letter to human resources complaining of harassment and bullying at the workplace. Less than a month later, USPS terminated Winston's employment during her probationary period, citing poor performance and safety issues. Winston subsequently filed this lawsuit, bringing one claim against USPS for retaliatory firing in violation of Title VII. USPS filed a motion for summary judgment. The district court granted USPS's motion and dismissed Winston's complaint. Winston now appeals the dismissal of her claim against USPS.

This court reviews grants of summary judgment *de novo*. *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (citing *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 890 (5th Cir. 2003)). Summary judgment is only appropriate when, "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

Here, Winston's Title VII claim is subject to the *McDonnell Douglas* burden shifting analysis because she did not present any direct evidence of retaliation. *See Medlock v. Ace Cash Express, Inc.*, 589 Fed. App'x 707, 709 (5th Cir. 2014). Under the *McDonnell Douglas* analysis, Winston had to first establish a prima facie case of retaliation by establishing that: "(1) she engaged in protected activity; (2) experienced an adverse employment action; and (3) a causal link exists between the protected activity and the

2

No. 22-30753

adverse employment action." *Id.* The district court correctly granted summary judgment in favor of USPS because Winston failed to establish a prima facie case of retaliation. Specifically, Winston did not show that she engaged in a protected activity by filing a complaint with human resources or establish a causal link between her complaint and USPS's decision to terminate her employment.

First, Winston's vague human resources complaint was insufficient to constitute a protected activity for the purposes of Title VII because it did not reference any unlawful employment practice on the part of USPS. *Davis v. Dallas Indep. Sch. Dist.*, 448 Fed. App'x 485, 493 (5th Cir. 2011) ("a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity."). Second, Winston failed to present any evidence that her supervisors at USPS were aware that she had made a complaint with human resources. *Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action."); *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999) ("If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct.").

Even when viewing the facts in the light most favorable to Winston, her Title VII claim fails. The district court's judgment is AFFIRMED.