United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-21242
Summary Calendar

———————————

EDMUND B. HEIMLICH,

        Plaintiff-Appellant,

    versus

HARRIS COUNTY, TEXAS; JOHNNY B. HOLMES; WERNER VOIGT; TED POE;
JOHN BOONE; BALDWIN CHIN; STUART W. BROWN; JUDY BEDDINGFIELD;
ERNEST W. GODFREY, III; DENNIS RAY KUITHE; STATE OF TEXAS;
ANTONIO GARZA,

        Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-2556

———————————

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Edmund B. Heimlich appeals the denial of his FED. R. CIV. P. 15
motion to amend his pleadings to reflect that the state appellate
court had reversed his criminal conviction.  Heimlich argues that
the district court did not have the discretion to deny his motion
to amend because the district court did not give a "substantial

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reason" for the denial.  He also contends that the denial of the motion places "[p]rocedure ... over substance to conceal evidence and obstruct justice."

"Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under FED. R. CIV. P. 59 or 60."[1]  The judgment against Heimlich was not vacated under either of these rules.  In cases where a party seeks to amend a complaint after entry of judgment, "we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling."[2]  Heimlich has made no such showing.  Consequently, Heimlich's appeal of the district court's refusal to allow him to amend his pleadings five years after the judgment is without arguable merit and is frivolous.  The appeal is therefore DISMISSED.[3]  Heimlich's outstanding motions are DENIED.

---

[1]*See Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000); *see also Whitaker v. City of Houston*, 963 F.2d 831, 834-36 (5th Cir. 1992).

[2]*Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir.1995); *see also* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1489 (2d ed. 1990 & Supp. 1999).

[3]*See* 5TH CIR. R. 42.2.