Jonathan P. **ROBICHEAUX**

v.

James D. **CALDWELL,** Louisiana Attorney General.

Civil Action No. 13–5090.

United States District Court, E.D. Louisiana.

Nov. 27, 2013.

Order Denying Reconsideration Jan. 13, 2014.

Scott J. Spivey, Scott J. Spivey, Esq. A Professional Law Corporation, New Orleans, LA, for Jonathan P. Robicheaux.

Jessica M.P. Thornhill, Angelique Duhon Freel, Louisiana Department of Justice, Baton Rouge, LA, for James D. Caldwell, Louisiana Attorney General.

## *ORDER & REASONS*

MARTIN L.C. FELDMAN, District Judge.

Before the Court are defendant's motions to dismiss for lack of jurisdiction and to dismiss or transfer for improper venue. For the reasons that follow, the motion to dismiss for lack of jurisdiction is GRANTED, and the motion to dismiss or transfer for improper venue is DENIED as moot.

### Background

This civil rights lawsuit challenges the constitutionality of Louisiana's ban on same-sex marriage and its unwillingness to recognize same-sex marriages entered into in other states. Jonathan Robicheaux married his same-sex partner in Iowa, but he lives in Orleans Parish, Louisiana. He alleges that Louisiana's defense of mar-

riage amendment to the state constitution (La. Const. art. 12, § 15) and Article 3520 of the Louisiana Civil Code (which decrees that same-sex marriage violates Louisiana's strong public policy and precludes recognition of any such marriage contract from another state) violate his federal constitutional rights.[1]

Robicheaux first brought this suit alone, but has since amended his complaint to include his partner, Derek Penton, and another same-sex couple who were also married in Iowa, but now live in Louisiana, Nadine and Courtney Blanchard. The plaintiffs sued the Louisiana Attorney General James "Buddy" Caldwell, the only defendant in this lawsuit. The Attorney General has filed two motions: first, a motion to dismiss for improper venue, to transfer for improper venue, or to transfer in the interest of justice; and second, a motion to dismiss for lack of jurisdiction based on Eleventh Amendment immunity.

## I.

■ Because federal courts are courts of limited jurisdiction, the Court first considers whether it has jurisdiction here. Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the Court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The Attorney General challenges this Court's subject matter jurisdiction, invoking the doctrine of sovereign immunity. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001).

■ The Eleventh Amendment to the U.S. Constitution bars suits by private citizens against a state in federal court. *K.P. v. LeBlanc,* 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney,* 437 U.S. 678, 700, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)). This immunity extends to protect state actors who are acting in their official capacities. *Id.* There is, of course, a narrow exception to this immunity from suit: the iconic *Ex parte Young* exception, which "is based on the legal fiction that a sovereign state cannot act unconstitutionally[; t]hus, where a state actor *enforces* an unconstitutional law, he is stripped of his official clothing and becomes a private person subject to suit." *See id.* (emphasis added)(citing *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)); *see also Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (noting "[o]f course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'").

■ The *Ex parte Young* exception applies when the plaintiff demonstrates that the state officer has "some connection" with the enforcement of the disputed act. *K.P.,* 627 F.3d at 124 (citing *Ex parte Young,* 209 U.S. at 160, 28 S.Ct. 441, and noting that the purpose of the connection requirement is to prevent litigants from misusing the exception). As the Fifth Circuit U.S. Court of Appeals has observed:

> *Ex parte Young* gives some guidance about the required "connection" between

---

**1.** In particular, Robicheaux alleges that the state's ban on same-sex marriage and refusal to recognize the marriage contract he entered into in Iowa:

(1) deprives him of his fundamental right to marry in violation of the U.S. Constitution's Fourteenth Amendment Due Process Clause;

(2) deprives him of equal protection of the law in violation of the U.S. Constitution's Fourteenth Amendment because it constitutes discrimination on the basis of sexual orientation and/or sex; and

(3) violates the Full Faith and Credit Clause of the U.S. Constitution.

a state actor and an allegedly unconstitutional act. "The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists."

*Id.* (quoting *Ex parte Young,* 209 U.S. at 157, 28 S.Ct. 441). *Ex parte Young* limits the plaintiff to prospective relief, and bars money damages. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). To determine whether *Ex parte Young*'s mandate is satisfied, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id.* (internal quotation marks and citations omitted)(alteration in original).

Because plaintiffs, as the record stands, have made no effort or attempt to seek official recognition of their same-sex marriages by the State of Louisiana, the Attorney General submits he lacks the requisite connection with the enforcement of the challenged provisions that is necessary to meet the imperatives of the *Ex parte Young* exception to sovereign immunity. Invoking *Okpalobi v. Foster,* 244 F.3d 405, 411 (5th Cir.2001),[2] Mr. Caldwell contends that plaintiffs must allege that he has both a particular duty to enforce the challenged provisions in question, and a demonstrated willingness to exercise that duty. To the extent that the Attorney General reads the scope of the *Ex parte Young* exception based on the Fifth Circuit's analysis in

*Okpalobi,* the Court notes that the Fifth Circuit's discussion of sovereign immunity in *Okpalobi* was in a plurality opinion. As the Fifth Circuit has observed, "[b]ecause that part of the *en banc* opinion did not garner majority support, the Eleventh Amendment analysis is not binding precedent." *K.P.,* 627 F.3d at 124 (citing *United States v. Ferguson,* 211 F.3d 878, 885 (5th Cir.2000)). Nevertheless, the plurality comments are helpful, and are echoed in the case literature.

■ The Court finds that plaintiffs fall short of satisfying the "some connection" requirement of *Ex parte Young* even without *Okpalobi.* Plaintiffs ask the Court "to take judicial notice of the fact that the Louisiana Attorney General is quintessentially the official responsible for enforcing the laws of Louisiana." The Attorney General's sweeping responsibility to enforce the laws of the State of Louisiana lacks the *Ex parte Young* specificity nexus between the Attorney General and the alleged unconstitutional provisions that is essential to defeat sovereign immunity.

Plaintiffs also cite to a pending state-court action, *In re Costanza,*[3] involving different plaintiffs but similar issues and the same defendant; they argue that that case illustrates the Attorney General's ability and demonstrated willingness to enforce the provisions at issue here. The Court disagrees. Plaintiffs contend that the Attorney General represents the State of Louisiana as the defendant in that case. The referenced case might demonstrate the Attorney General's willingness to *defend* the provisions at issue here, but it in no way focuses or establishes his willing-

**2.** In *Okpalobi,* the Fifth Circuit held that to determine whether the *Ex parte Young* exception applies, the Court "should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness

of the official to enforce the statute." 244 F.3d at 417.

**3.** Plaintiffs provide neither a full citation nor a copy of this case to the Court.

ness to *enforce* them. *See K.P.*, 627 F.3d at 124 (explaining that "a state actor must be connected with an act's 'enforcement' for the [*Ex parte Young*] exception to apply," and that " '[e]nforcement' typically involves compulsion or constraint." (citations omitted)).

Plaintiffs also invoke an advisory opinion by the Attorney General, at the request of Frank Perez, General Counsel with the Department of Health and Hospitals in Louisiana, in which the Attorney General opined that the Full Faith and Credit Clause of the United States Constitution does not require the Vital Records Registrar to accept an out-of-state adoption judgment that names as the adoptive parents two persons considered married in another jurisdiction but not in Louisiana. Notably, in reaching that result, the Attorney General explicitly relied on La. Child. Code arts. 1198 and 1221, not on La. Const. art. 12, § 15 or La. Civ.Code art. 3520, the provisions at issue in this lawsuit.

■ Finally, plaintiffs maintain that because they seek injunctive relief and not money damages, sovereign immunity "cannot apply." *See Will*, 491 U.S. at 71 n. 10, 109 S.Ct. 2304. They are wholly mistaken. A request for prospective relief is one requisite element, but not itself sufficient, to invoke the *Ex parte Young* exception. *Verizon*, 535 U.S. at 645, 122 S.Ct. 1753.

Plaintiffs have failed to meet their burden of establishing this Court's subject matter jurisdiction. *Ramming*, 281 F.3d at 161. Defendant's motion to dismiss for lack of jurisdiction based on sovereign immunity is GRANTED. Defendant's motion to dismiss or transfer for improper venue is DENIED as moot.

### ORDER & REASONS

Before the Court are plaintiffs' motions to reconsider and for leave to file a third amended complaint. For the reasons that follow, the motions are DENIED.

### Background

This lawsuit challenged the constitutionality of Louisiana's ban on same-sex marriage and its refusal to recognize same-sex marriages permitted in other states. Jonathan Robicheaux married his same-sex partner in Iowa, but lives in Orleans Parish, Louisiana; he alleged that Louisiana's defense of marriage amendment to the state constitution (La. Const. art. 12, § 15) and article 3520 of the Louisiana Civil Code (which decrees that same-sex marriage violates Louisiana's strong public policy and precludes recognition of any such marriage contract from another state) violate his federal constitutional rights.

Robicheaux named the Louisiana Attorney General James "Buddy" Caldwell as the only defendant in this case. When Robicheaux first brought suit, he alleged only violations of the full faith and credit clause; however, he then amended his complaint to add claims of due process and equal protection violations. And although Robicheaux initially brought this suit alone, he amended his complaint for a second time to include as additional plaintiffs his partner, Derek Penton, and another couple also married in Iowa but now living in Louisiana, Nadine and Courtney Blanchard.

Attorney General Caldwell moved to dismiss or transfer the case for improper venue, and then to dismiss for lack of jurisdiction based on sovereign immunity. On November 26, 2013, the Court granted the Attorney General's motion to dismiss for lack of jurisdiction and denied the motion to dismiss or transfer for improper venue as moot. The Court held that plaintiffs fell short of satisfying the require-

ment of *Ex parte Young*[1] that the state official have "some connection" to the enforcement of the challenged state law. Six days later, plaintiffs filed this motion asking the Court to reconsider its ruling. Plaintiffs have also filed a motion for leave to file a third amended complaint.

## I.

### A.

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Higgins v. Cain,* No. 07–9729, 2012 WL 3309716, at *1 (E.D.La. Aug. 13, 2012). Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment. Fed.R.Civ.P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the twenty-eight day period, but demands more "exacting substantive requirements." *See Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173–74 (5th Cir.1990), *abrogated on other grounds, Little v. Liquid Air Corp.,* 37 F.3d 1069, 1078 (5th Cir.1994) (en banc). Because the Court entered the order dismissing the case on November 26, 2013, and the plaintiffs filed the motion to reconsider six days later on December 2, 2013, the motion is timely under Rule 59(e), and such analysis is appropriate.

### B.

■■■ "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 478 (5th Cir.2004) (quoting *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mis-

take of law or fact or presents newly discovered evidence that could not have been discovered previously. *Id.* at 478–79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *See id.* at 479; *Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir.2010) ("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'") (citing *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir.2003)) (quoting *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." *Indep. Coca–Cola Employees' Union of Lake Charles, No. 1060 v. Coca–Cola Bottling Co. United, Inc.,* 114 Fed.Appx. 137, 143 (5th Cir.2004) (citing *Templet,* 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." *Templet,* 367 F.3d at 479.

## II.

Plaintiffs contend that the Court should reconsider its order dismissing this case for lack of jurisdiction based on sovereign immunity. However, instead of asserting a mistake of law or fact, plaintiffs submit for the first time a new claim that La. Const. art. 12, § 15 violates not only the U.S. Constitution but also the Enabling

---

**1.** 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Act of the State of Louisiana.[2]  Plaintiffs also contend that notwithstanding *Hans v. Louisiana*[3] and over one hundred years of jurisprudence, Eleventh Amendment sovereign immunity does not actually apply to suits commenced against a state by its own citizens.  Plaintiffs maintain that a state simply cannot be immune from its obligation to comply with federal law.

Plaintiffs fail to persuade the Court that the extraordinary remedy of reconsideration is warranted.  Plaintiffs merely try to relitigate issues and add arguments that they ignored earlier; they show no mistake of law or fact in the Court's prior ruling, nor do they present anything that undermines the Court's order.

### III.

■ Alternatively, plaintiffs urge the Court to permit them to file a third amended complaint in order to name another state official with the requisite enforcement connection necessary to avoid sovereign immunity.  Plaintiffs contend that under Fed.R.Civ.P. 15(a)(2), "[t]he court should freely give leave when justice so requires."  However, plaintiffs do not dispute the more exacting standard applicable to requests for leave to amend filed after a case has been dismissed.  "Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Rule 59(e)."  *See Heimlich v. Harris Cnty., Texas,* 81 Fed.Appx. 816, 817 (5th Cir.2003) (citing *Vielma v. Eureka Co.,* 218 F.3d 458, 468 (5th Cir.2000)).  The Fifth Circuit has instructed that "[i]n cases where a party seeks to amend a complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not rea-

sonably have raised the new matter prior to the trial court's merits ruling.' " *Id.* (citing *Briddle v. Scott,* 63 F.3d 364, 380 (5th Cir.1995)).

The Court has declined to grant reconsideration of its order dismissing plaintiffs' claims.  And plaintiffs provide no support for their position that the Court should grant leave to amend for a third time, nor do they provide any credible and competent explanation why permission for such amendment was not requested before now.

Accordingly, plaintiffs' motions for reconsideration and for leave to file a third amended complaint are DENIED.

---

**2.**   ch. 21, 2 Stat. 641 (1811).

**3.**   134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).