# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40153
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2014

Lyle W. Cayce
Clerk

SENTRY SELECT INSURANCE COMPANY,

Plaintiff - Appellant

v.

HOME STATE COUNTY MUTUAL INSURANCE COMPANY; MARK LYNN STEVENS,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:12-CV-10

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Sentry Select Insurance Company ("Sentry") brought this declaratory judgment action against defendants-appellees Mark Lynn Stevens and Home State County Mutual Insurance Company ("Home State"), seeking a declaration that its garage liability insurance policy with Stevens's employer, Classic Motors of Texarkana, Inc., provided no coverage to Stevens

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40153

in connection with a car accident he had with Donald and Barbara Roche in Florida. When the accident occurred, Stevens was driving a car owned by Classic Motors. Home State insured Stevens under a personal liability insurance policy, which, Sentry argued, provided all needed coverage for the accident at issue. The district court granted judgment in favor of Sentry. Sentry then sought to reopen the case and to amend its complaint to assert new claims against Home State for money damages. The district court denied those motions, and Sentry appealed the denial. We now affirm.

On January 27, 2012, after the Roches commenced lawsuits against Stevens in Florida state court, Sentry filed this federal action for declaratory judgment. On August 16, 2013, on cross-motions for summary judgment, the magistrate judge issued a report and recommendation concluding that Sentry's insurance policy did not cover Stevens's accident and that Sentry's requested declaratory judgment should be granted. On September 5, 2013, the district court, noting that no objections to the magistrate judge's report and recommendation had been filed, issued declaratory judgment in Sentry's favor.

Later that same day, Sentry moved for leave to amend its complaint to assert new claims against Home State. In the motion, Sentry explained that, on July 31, 2013, it reached an agreement with the Roches to settle their lawsuits against Stevens and, on August 21, 2013, it paid the agreed upon settlement amount to them. Now, Sentry argued, it had new claims against Home State for reimbursement for the settlement and for other related relief given that the court had determined that it was Home State's policy, not Sentry's, that covered the accident.

The district court denied Sentry's motions, reasoning that Sentry could have asserted the new claims against Home State before the district court entered its final judgment. Sentry now appeals this determination.

No.  14-40153

Sentry argues that, under Texas law, it could assert its new claims against Home State only *after* it settled the lawsuits with the Roches on behalf of Stevens, and, thus, the district court erred in not providing a post-judgment opportunity to assert the claims.  *See generally Am. Centennial Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480, 482-83 (Tex. 1992) (permitting actions between insurance carriers under the doctrine of equitable subrogation).  Sentry further argues that, contrary to the representations in its motion before the district court, it actually did not reach complete settlement with the Roches until September 11, 2013, *after* the entry of final judgment.  Therefore, the argument goes, because Sentry could not, under the facts and the law, assert its new claims against Home State until after final judgment, the district court erred in declining to reopen the case.

As an initial matter, when the district court granted Sentry's motion for summary judgment and entered declaratory judgment for Sentry, such judgment was a final judgment that concluded the case.  28 U.S.C. § 2201 ("[A declaratory judgment] shall have the force and effect of a final judgment . . . .").  Because the district court entered a final judgment, Sentry could amend its complaint to assert new claims "only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60 [of the Federal Rules of Civil Procedure]."  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981) ("In this case, a judgment of dismissal had been entered at the time of the offered amendment.  Granting the plaintiff's motion, therefore, would require the trial court to vacate the judgment.").

Rule 59(e) allows a party to move to "alter or amend a judgment," which includes vacating the judgment.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  Similarly, Rule 60(b) allows a court to "relieve a party . . . from final judgment," but, while the text of Rule 59 is silent as to the

grounds that justify altering or amending a judgment, Rule 60 enumerates six grounds for relief. *Compare* Fed. R. Civ. P. 59(e), *with* Fed. R. Civ. P. 60(b). The question of whether Rule 59 or Rule 60 applies to a motion to reopen "turns on the time at which the motion is served." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). "If the motion is served within [the window provided by Rule 59(e)], the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* Rule 59(e) motions may be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because Sentry served its motion within one day of entry of the judgment, the district court correctly considered it under Rule 59(e). We review the district court's denial of Rule 59(e) relief for an abuse of discretion. *Rosenzweig*, 332 F.3d at 863.

Generally, a Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The usual grounds for Rule 59(e) relief are correction of manifest errors of law or consideration of newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).[1] Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*

Under these general principles of Rule 59(e), Sentry's arguments about whether it could have asserted its new claims against Home State before the entry of judgment (as the district court believed) or only after judgment (as Sentry contends) are irrelevant. On the one hand, if Sentry's new claims *could*

---

[1] Sentry argues that its settlement with the Roches is "new evidence" warranting Rule 59(e) relief. This argument misconstrues what the courts mean by "newly discovered evidence." *See generally Templet*, 367 F.3d at 479 (stating that Rule 59(e) allows parties to "present newly discovered evidence"). Rule 59(e) relief premised on new evidence means new evidence relating to *the claims resolved by the final judgment*. It does not mean new evidence relating to *new claims* that were neither resolved nor addressed by the final judgment.

have been asserted before the district court's entry of final judgment but were not, then vacating the judgment under Rule 59(e) to allow assertion of the claims would clearly be improper and inconsistent with "the policy against allowing litigants to assert their claims in series." *See S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 612 (5th Cir. 1993). On the other hand, if Sentry's new claims could *not* have been asserted until after the district court's entry of final judgment, the usual procedure would have been to file a new lawsuit to assert the new claims. New claims generally mean a new lawsuit, even if those claims are between the same parties to a prior lawsuit.[2] We are unaware of any precedent for vacating the final judgment of a closed case in order to use that case as the forum for litigation of new claims that could not have been asserted previously, and Sentry has shown us no support for such.

AFFIRMED.

---

[2] Sentry contends that, if it brought a new lawsuit to assert its new claims, Home State could assert the affirmative defense of *res judicata*. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised in that action*." *Allen v. McCurry,* 449 U.S. 90, 94 (1980) (emphasis added). If Sentry is correct that its new claims could not have been asserted in this action, we do not see how *res judicata* would bar them from litigation in the first instance in a subsequent action.