# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2017

Lyle W. Cayce
Clerk

No. 16-30500
Summary Calendar

TOMMIE RICE, Next Friend on behalf of Minors, CIR and GMR,

    Plaintiff - Appellant

v.

CORNERSTONE HOSPITAL OF WEST MONROE, L.L.C.,

    Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:13-CV-362

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Joshua Rice was a patient at Cornerstone Hospital from December 14, 2011 through January 24, 2012, where he received treatment and rehabilitation.  Joshua Rice passed away on May 6, 2012.

    Joshua's father, Tommie Rice, brings this appeal on behalf of Joshua's minor children and asserts that the district court erred in granting

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30500

Cornerstone Hospital's motion for summary judgment. He alleges that Cornerstone Hospital is liable for negligence under the Louisiana Medical Malpractice Act because its staff entangled Joshua's leg and shoulder in the process of transferring him from a cart to a bed, causing his shoulder and hip to fracture. He claims that that his legal burden is satisfied under the doctrine of *res ipsa loquitur*.

We review the district court's grant of summary judgment de novo. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004); *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 719 (5th Cir. 2002). The party moving for summary judgment bears the initial responsibility of identifying parts of the record that it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986). If the moving party satisfies this burden, "the burden then shifts to the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014).

Lacking expert testimony for the hospital's standard of care or breach thereof, Rice relies on appeal on the doctrine of *res ipsa loquitur*. *Res ipsa loquitur* is an evidentiary doctrine, applied after the factual evidence has been submitted, which may be used "only if there is sufficient circumstantial evidence to suggest that the only reasonable cause of the plaintiff's injury is the defendant's breach of the standard of care." *Gisclair v. Bonneval*, 2004-2474 (La. App. 1 Cir. 12/22/05), 928 So. 2d 39, 45. *Res ipsa loquitur* is applied when:

> (1) the defendant has actual control of the agency, instrumentality or conditions which caused plaintiff's injuries;
> (2) the evidence as to the true cause of plaintiff's loss is more readily accessible to defendant than plaintiff; and

No. 16-30500

(3) the accident is of a kind that does not occur in the absence of negligence and/or the circumstances attending the accident create an inference of negligence on the part of defendant.

*Shahine v. Louisiana State Univ. Med. Ctr. in Shreveport*, 28,691 (La. App. 2 Cir. 9/27/96), 680 So. 2d 1352, 1355.

The district court thoroughly evaluated the evidence and found that Rice has not created genuine issues of material fact concerning these elements. Even assuming that Rice created a material fact issue on the first two elements of *res ipsa loquitur*, Rice fails to challenge the district court's resolution of element three in Cornerstone Hospital's favor.

Rice does not dispute that Joshua had the medical condition of osteomalacia. Cornerstone Hospital offered Dr. Randolph Taylor's expert testimony that despite the best medical care, osteomalacia weakens the bones and enables fractures to occur during the normal course of treatment or the normal transfer process. In response, Rice asserts that Dr. Taylor did not treat Joshua and argues that his testimony should be given less weight. His response, however, does not rebut Dr. Taylor's testimony on osteomalacia and does not show that, given his fragile bone condition, Joshua's fracture would not have occurred in the absence of negligence. Consequently, *res ipsa loquitur* cannot be applied. The district court properly held that Rice has not raised a genuine issue of material fact demonstrating that Cornerstone Hospital breached the standard of care. Cornerstone Hospital's motion for summary judgment was therefore properly granted on the legal theory of *res ipsa loquitur*. The judgment of the district court is **AFFIRMED**.