# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2021

Lyle W. Cayce
Clerk

No. 20-30198
Summary Calendar

Larry Anderson, Jr.,

*Plaintiff—Appellant*,

*versus*

Martco L.L.C., incorrectly named as Roy O Martin,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-275

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Larry Anderson, Jr., filed this civil action pro se, alleging that the defendant, MARTCO, L.L.C. (Martco), terminated his employment on March 6, 2017, in retaliation for Anderson's claimed use of Family and Medical Leave Act (FMLA) leave to take his mother to the doctor and in

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30198

violation of the Civil Rights Act of 1974 (Title VII).  The magistrate judge[1] granted defendant/appellee Martco's motion for summary judgment and dismissed Anderson's claims.  The magistrate judge also denied Anderson's motion filed pursuant to Federal Rule of Civil Procedure 59(e) seeking reconsideration of the grant of summary judgment.

Anderson argues that the district court's decision to deny his motion for reconsideration should be reversed because he was terminated for illegitimate, discriminatory, and retaliatory reasons.  He contends that the magistrate judge erred in ignoring the new evidence he presented (his mother's medical records) which he submitted with his reply to Martco's opposition to his motion for reconsideration.  Martco argues that the underlying summary judgment ruling has not been appealed or raised as an issue.  In his reply brief, Anderson states that the "issue of Summary Judgment is not at hand in this appeal."  Anderson's notice of appeal specifically stated that he was appealing from the judgment entered on February 20, 2020, as to the motion for reconsideration as amended.  We thus address only the appeal only from the order denying reconsideration. *See Lockett v. Anderson*, 230 F.3d 695, 700 (5th Cir. 2000); *United States v. O'Keefe*, 128 F.3d 885, 890 (5th Cir. 1997).

We review a district court's decision on a Rule 59 motion to reconsider for abuse of discretion. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017).  "Under this standard of review, the district court's decision and decision-making process need only be reasonable." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).  Rule 59(e) motions serve "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (citation omitted).

---

[1] The parties consented to proceed before the magistrate judge.

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citation omitted). Accordingly, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citation omitted). A party's "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* (citation omitted).

Anderson's motion for reconsideration requested the magistrate judge to reconsider the judgment and look again carefully at all the evidence already submitted. Anderson included alleged new evidence of his mother's medical records, which he contends is relevant to the issues of his need to bring his mother to the doctor, why he did not show for work, and discrimination and retaliation for bringing his mother to the doctor. The magistrate judge noted that Anderson had argued that she should reexamine the evidence in the case which proved he was wrongfully terminated and stated that Anderson had not set forth any newly discovered evidence and had not alleged any intervening change in the law but was seeking a second attempt to argue the same points alleged in previous pleadings. The magistrate judge concluded that his attempt to reargue the merits of his case was improper under Rule 59(e).

Anderson argues that the magistrate judge did not mention or consider the new evidence of his mother's medical records. Martco argues that Anderson's "newly discovered evidence" consisted of medical records which were available and discoverable to him at the time of summary judgment and that he had failed to explain why he did not present this evidence to the court. In his reply brief, Anderson explains that he did not present the evidence of his mother's medical records previously because he could not gain access without his mother's permission, but he did not offer

this explanation to the magistrate judge, and he does not assert that he sought his mother's permission at the time of summary judgment.

By his motion for reconsideration, Anderson sought to reexamine the evidence and reargue the same arguments made on summary judgment, and to the extent he sought to present "new evidence," his unexplained failure to present evidence of his mother's medical records available at the time of summary judgment provided a valid basis for the magistrate judge to deny his motion for reconsideration. *See Templet*, 367 F.3d at 479.

Anderson has failed to make any argument challenging the magistrate judge's grant of summary judgment for Martco on his Title VII claim of racial discrimination. Anderson has abandoned this issue. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Similarly, Anderson concedes that the issue of attorney fees "is not at hand," and he makes no argument challenging the attorney fee judgment. Anderson has abandoned this issue as well. *See Brinkmann*, 813 F.2d at 748.

AFFIRMED.