# United States Court of Appeals for the Fifth Circuit

————————————

No. 23-40018

————————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2023

Lyle W. Cayce
Clerk

Michael Bohannan,

*Plaintiff—Appellant*,

*versus*

Bryan Williams, *TDCJ-CID Warden II*; Anthony Newton, *TDCJ-CID Warden I*; Kevin Smith, *TDCJ-CID Warden I*; Michael Woods, *TDCJ-RPD Chaplain*; Charles Rowry, *TDCJ-RPD Chaplain*; Captain Christopher Norsworthy, *Senior Warden*; Chibuike Onwuka, *Assistant Warden*; Lashunda Fisher, *Assistant Warden*; Thomas M. Ewing, *Chaplain*; John Doe, *Chaplain*; Mary L. Gilder, *FSM IV*; R. Mallet, *Senior Practice Manager*; Jacquelyn Womack, *Senior Practice Manager*,

*Defendants—Appellees*.

————————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CV-252

————————————————————————————

Before Stewart, Clement, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40018

Michael Bohannan, Texas prisoner # 1841746, moves to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights complaint for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Bohannan challenges the district court's denial of IFP, arguing that the court addressed only one of the six court orders that he sought to appeal, did not specifically find that an appeal of the noncompliance dismissal would be frivolous, did not make findings regarding the five appellate issues that he allegedly raised, and used the wrong IFP standard in determining that his appeal was "lacking in good faith." However, these arguments do not raise a nonfrivolous issue because they are belied by the record, which reflects implicit findings regarding frivolousness, and because they misstate the applicable law. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Soffar v. Dretke*, 368 F.3d 441, 470-71 (5th Cir. 2004), *amended on other grounds*, 391 F.3d 703 (5th Cir. 2004). Although Bohannan also argues that he does not qualify as a "prisoner" as defined in the Prison Litigation Reform Act of 1996 (PLRA), Bohannan, who has been convicted of violating a civil commitment order and sentenced to life in prison, is a "prisoner" for purposes of the PLRA. *See* 28 U.S.C. § 1915(h); *Bohannan v. State*, 546 S.W.3d 166, 168-71 (Tex. Crim. App. 2017); *see also Bohannan v. Redic*, No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 1, 2023) (unpublished).

Additionally, Bohannan argues that the magistrate judge's prejudgment order striking his motion for injunctive relief and striking his amended complaint was dispositive and thus the magistrate judge exceeded the authority granted under 28 U.S.C. § 636(b)(1)(A); that the district court did not address the magistrate judge's striking of his amended complaint; that he did not require leave of court to file his motion for injunctive relief; and that the district court abused its discretion in denying his two Federal Rule of Civil Procedure 72 motions. However, he has not raised a

nonfrivolous issue because, as noted by the district court, Bohannan's failure to comply with court orders, rather than the grant of the defendants' motion to strike, ultimately disposed of his case. *See* Fed. R. Civ. P. 72(a). Moreover, the district court reviewed the orders at issue and determined that they were not clearly erroneous or contrary to law.  Although Bohannan also contends that the district court's memorandum and order dismissing his complaint for failure to comply with court orders conflicted with the district court's judgment stating that the complaint was being dismissed for failure to prosecute, both the district court's memorandum and order and its judgment stated that the complaint was being dismissed under Rule 41(b), regardless of how the rule was labeled.

Next, Bohannan argues that the district court should have looked to his other pleadings that explained his confusion about how to properly comply with the district court's order and it should have liberally construed those pleadings as amendments to his amended complaint, rather than ignoring them.  He contends that he was entitled to amend his complaint once as a matter of course and that the district court abused its discretion by upholding the striking of his amended complaint based on his misjoinder of parties.  However, the district court's dismissal of his complaint was not based on these issues and was instead based on his failure to file a complaint that complied with the magistrate judge's and district court's orders, despite being admonished that his complaint would be dismissed under Rule 41(b) if he failed to do so. *See* Fed. R. Civ. P. 41(b).  Moreover, his arguments do not refute the magistrate judge's specific reasons for finding that the amended complaint was deficient.

Bohannan also argues that the district court should not have dismissed his complaint with prejudice because he had not caused delay, his filings had not constituted contumacious conduct, and the conduct this court noted was contumacious in *Bohannan*, 2023 WL 2346335, at \*1, differed from that in

this case. He also contends that the district court failed to make findings regarding lesser sanctions. However, these arguments do not demonstrate a nonfrivolous issue because the record is replete with pleadings filed by Bohannan that were not in accordance with the various orders giving him opportunities to file a complying amended complaint; because he was admonished that his failure to comply would result in the dismissal of his complaint with prejudice; and because the conduct noted in his prior appeal need not have been identical to have lent further support to Bohannan's history of contumacious conduct. *Cf. McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).

Finally, Bohannan conclusorily contends that the district court abused its discretion in denying his Federal Rule of Civil Procedure 59(e) motion. However, he has not raised a nonfrivolous issue because he has not demonstrated that the district court's denial of relief under Rule 59(e) was based on manifest legal or factual errors or improper failure to allow the presentation of new evidence. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Because Bohannan fails to show that his appeal raises a nonfrivolous issue, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

This dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)*, abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Bohannan is WARNED that if he accumulates three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).